PHILLIP A. TALBERT
Acting United States Attorney
KATHERINE E. SCHUH
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00019-DAD-BAM |
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE AND ORDER THEREON |
| v. | Date: August 11, 2021 |
| ADRIAN ALVARADO ARREDONDO, et al., | Time: 1:00 p.m. |
| Defendants. | Honorable Barbara A. McAuliffe |

This case is set for a status conference on November 10, 2021, which the parties stipulate to continue to February 9, 2022, for the reasons set forth below.

On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.  This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

The parties request that time be excluded between November 10, 2021 and February 9, 2022 for the following reasons.  Discovery in this case has been provided, and consists of voluminous investigative reports, wire interceptions recordings and electronic messages, precise location information data, and more, approximately 82,000 pages/files, as well as cellular phone downloads.  Defense counsel requires additional time to review the discovery, to conduct additional investigation and legal research, and to confer with his client about how to proceed in this case.  The proposed status conference date

represents the earliest date that all counsel are available thereafter, taking into account counsels' schedules, defense counsels' commitments to other clients, and the need for preparation in the case and further investigation. In addition, the public health concerns cited by General Order 611, 612, 617, 618, and 620 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed and it is difficult for defense counsel to meet with their clients and review discovery.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case. 18 U.S.C. Section 3161(h)(7)(B)(iv). Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. Therefore, the parties request that the Court exclude the time until the new trial date from calculations under the Speedy Trial Act.

IT IS SO STIPULATED.

Dated:  November 2, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By:  /s/ KATHERINE E. SCHUH
KATHERINE E. SCHUH
Assistant United States Attorney

Dated: November 2, 2021

/s/ *John Kemper Jackson*
Attorney for Defendant Adrian Alvarado

Dated: November 2, 2021

/s/ *James Homola*
Attorney for Defendant Alex Melchor-Guzman

Dated: November 2, 2021

/s/ *Jeff Hammerschmidt*
Attorney for Defendant Adrian Lopez

Dated: November 2, 2021

/s/ *Nick Reyes*
Attorney for Defendant Ivan Vasquez

# **O R D E R**

IT IS HEREBY ORDERED that the status conference in this case be continued from November 10, 2021 until **February 9, 2022 at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 10, 2021 and February 9, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **November 2, 2021**          /s/ Barbara A. McAuliffe
                                             UNITED STATES MAGISTRATE JUDGE