PHILLIP A. TALBERT
United States Attorney
KATHERINE E. SCHUH
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00019-DAD-BAM |
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE AND ORDER THEREON |
| v. | Date: February 9, 2022 |
| ADRIAN ALVARADO ARREDONDO, et al., | Time: 1:00 p.m. |
| Defendants. | Honorable Barbara A. McAuliffe |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, these matters were set for status hearing on February 9, 2022.

2.      By this stipulation, defendant now moves to continue the status conference until May 11, 2022, and to exclude time between February 9, 2022, and May 11, 2022.  The proposed status conference date represents the earliest date that all counsel are available thereafter, taking into account counsels' schedules, defense counsels' commitments to other clients, and the need for preparation in the case and further investigation. In addition, the public health concerns cited by General Order 611, 612, 617, 618, and 620 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.

3.      The parties agree and stipulate, and request that the Court find the following:

        a)      Discovery in this case has been provided, and consists of voluminous

investigative reports, wire interceptions recordings and electronic messages, precise location information data, and more, approximately 82,000 pages/files, as well as cellular phone downloads.  Defense counsel requires additional time to review the discovery, to conduct additional investigation and legal research, and to confer with his client about how to proceed in this case. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      The government has provided plea agreements in this case, which will expire on May 1, 2022 if not accepted.  Attorneys for the defendants require additional time to consult with their clients regarding these agreements as well as to discuss them with the government.

c)      The parties have discussed setting the matter for trial, and will be ready to set a trial date at the next status conference on May 11, 2022.

d)      Counsel for the defendants believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      The government does not object to the continuance.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 9, 2022 to May 11, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

\\\
\\\
\\\
\\\

1        4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

2 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3 must commence.

4        IT IS SO STIPULATED.

5  Dated:  February 1, 2022                  PHILLIP A. TALBERT
                                                   United States Attorney

6

7                                      By:  /s/ KATHERINE E. SCHUH
                                               KATHERINE E. SCHUH

8                                                Assistant United States Attorney

9 Dated: February 1, 2022                   /s/ *John Kemper Jackson*

10                                    Attorney for Defendant Adrian Alvarado

11 Dated: February 1, 2022                   /s/ *James Homola*

12                                    Attorney for Defendant Alex Melchor-Guzman

13 Dated: February 1, 2022                   /s/ *Jeff Hammerschmidt*

14                                    Attorney for Defendant Adrian Lopez

15 Dated: February 1, 2022                   /s/ *Nick Reyes*
                                   Attorney for Defendant Ivan Vasquez

16 \\\

17 \\\

18 \\\

19 \\\

20 \\\

21 \\\

22 \\\

23 \\\

24 \\\

25 \\\

26 \\\

27 \\\

28 \\\

# O R D E R

IT IS HEREBY ORDERED that the status conference in this case be continued from February 9, 2022, until **May 11, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. <u>The Court will not grant further continuances, absent good cause which will be narrowly construed, and will set a trial date at the May 11, 2022 status conference if the case is not resolved in advance of that status hearing.</u>

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 9, 2022 and May 11, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **February 1, 2022**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE